UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BYRON JOHNSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>WENDY KNIGHT, )<br>)<br>Respondent. ) | Case No. 1:15-cv-01523-WTL-MJD |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Byron Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding, CIC 15-08-0013, in which he was found guilty of attempting to traffick. For the reasons explained in this entry, Mr. Johnson's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 30, 2015, Correctional Officer Steven Hall issued a Report of Conduct charging Mr. Johnson with conspiracy/attempting to traffick in violation of Code A-111/113. The Report of Conduct states:

> On 7/30/15 at 9:00 A.M. I, Officer Steven Hall, was having a conversation with Offender Johnson, Byron #188316 23B-1E. He was explaining to me how I could make a lot of money bringing him contraband. I told him it wasn't worth the risk and he told me I would never get caught. He stated that he has someone he has been trafficking with for a while and no one will ever know unless he tells.

Dkt. 8-1.

Mr. Johnson was notified of the charge on August 4, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 8-2. The Screening Officer noted that Mr. Johnson did not request any witnesses but requested the video from the camera at the officer's desk at 9:00 a.m. for the purpose of determining whether he and Officer Hall were at the desk at that time. *Id.* A summary of the video was prepared by Lieutenant St. John, the Disciplinary Hearing Board Chairman. Dkt. 8-5. The summary states, "At time stamp 8:53:27 a.m. camera clearly shows a black male offender standing at the officer's desk on the 1/3 side of E unit. Due to the panning of the camera, I, Lt. St. John, was unable to positively identify the offender." Dkt. 8-5.

The disciplinary hearing took place on August 12, 2015. Dkt. 8-6. The Hearing Officer noted Mr. Johnson's statement that "I was not out of my room so I could not have been talking to Ofc Hall. He told me I.A. and him and close [sic]. I told him he got his strips [sic] taken over trafficking." *Id.* Relying on staff reports, the Hearing Officer determined that Mr. Johnson had violated Code A-111/113. *Id.* The sanctions imposed included a written reprimand, 45 days of phone restriction, 180 days of disciplinary segregation, the deprivation of 149 days of earned

credit time, and the demotion from credit class I to credit class II *Id.* The Hearing Officer imposed the sanctions because of the frequency and nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id*.

Mr. Johnson's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Johnson alleges that his due process rights were violated during the disciplinary proceeding. His claims are that 1) the video summary proves that the conduct report was fabricated; 2) he was not allowed to present the evidence he requested at screening, *i.e.,* the hearing officer did not consider it; and 3) the video was not reviewed by the hearing officer who presided over the hearing.

Mr. Johnson's position is that the reporting officer fabricated the entire incident discussed in the conduct report. Mr. Johnson contends that the video that he requested at screening was exculpatory because it showed a black unidentified offender standing at Officer Hall's desk (and Mr. Johnson is white/mixed), it did not show any officer, and the time-stamp of the video was 8:53:27 a.m., all of which conflicts with the conduct report.  The respondent responds that the video was not exculpatory because it did not positively identify the offender at the officer's desk because of the panning of the camera.  It is undisputed that the Hearing Officer did not rely on the video in finding Mr. Johnson guilty.

If the video was, in fact, exculpatory, then there was a due process error when the Hearing Officer failed to consider it as evidence. "[P]rocedural due process require[s] prison officials to disclose all material exculpatory evidence" to the petitioner in a disciplinary case. *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). "Evidence is exculpatory if it undermines or contradicts the finding of guilt, and it is material if disclosing it creates a reasonable probability

of a different result." *Keller v. Cross,* 603 Fed.Appx. 488, 490 (7th Cir. Feb. 11, 2015) (internal citations omitted).

The time differential between the 9:00 a.m. time recited in the conduct report and the 8:53:27 a.m. time on the video is not significant enough to render the video exculpatory. Mr. Johnson's contention that there was no officer in the view of the camera is also not persuasive. The video summary does not make such an affirmative statement, and the focus of the video was on the identity of the offender.

The video summary states that there was "a black male offender standing at the officer's desk" but that "[d]ue to the panning of the camera" the reviewing officer "was unable to positively identify the offender." Dkt. 8-5. Mr. Johnson's claim that he is of mixed race and not black would compel a finding that the video was exculpatory if not for his admission in his petition that he has been mistaken for being black in the past, even if not for a while. Dkt. 1, p. 4. The Court agrees that under these circumstances, the video was not exculpatory because it did not in fact contradict the conduct report in a manner that would reasonably compel a different result.

Because the video was not relied upon to identify Mr. Johnson, and because the video was not exculpatory evidence, it was not error for the Hearing Officer not to consider the video. Instead, the Hearing Officer was entitled to rely on the reporting officer's statement contained in the conduct report.

Mr. Johnson's final claim is that the Hearing Officer erred by not viewing the video himself. The Disciplinary Hearing Board Chairman Lt. St. John is the officer who reviewed the video and provided a summary. Even if this constituted an error, it was harmless because the video did not identify Mr. Johnson as the offender who talked to Officer Hall at his desk. *See*

*Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error). There was no prejudice under these circumstances because the video was not relied on in finding Mr. Johnson guilty, nor did it demonstrate that he could not have been guilty.

Mr. Johnson was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Johnson's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

*[Signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  9/7/16

Distribution:

Electronically registered counsel

Byron Johnson, #188316, Wabash Valley Facility, Inmate Mail/Parcels, 6908 S. Old U.S. Highway 41, P.O. Box 1111, Carlisle, IN 47838-1111